People v Johnson (2018 NY Slip Op 01680)





People v Johnson


2018 NY Slip Op 01680


Decided on March 15, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 15, 2018

108619

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
STEVEN M. JOHNSON, Appellant.

Calendar Date: January 23, 2018

Before: McCarthy, J.P., Lynch, Devine, Clark and Aarons, JJ.


G. Scott Walling, Slingerlands, for appellant.
J. Anthony Jordan, District Attorney, Fort Edward (Joseph A. Frandino of counsel), for respondent.



MEMORANDUM AND ORDER
Appeal from a judgment of the County Court of Washington County (McKeighan, J.), rendered April 29, 2016, which revoked defendant's probation and imposed a sentence of imprisonment.
In December 2015, defendant was convicted of attempted criminal possession of a controlled substance in the third degree and sentenced to five years of probation. After defendant's probation supervision was transferred from Albany County to Washington County in March 2016, defendant was charged with violating various terms and conditions of his probation, including possessing and using illegal drugs in his home. Thereafter, an agreement was reached whereby defendant would admit to the violations and waive his right to appeal in exchange for a prison term of six years followed by two years of postrelease supervision. Following defendant's admissions, County Court sentenced defendant as a second felony offender to
the agreed-upon prison term. Defendant now appeals.
The People concede, and we agree, that defendant's waiver of the right to appeal is invalid and, therefore, his challenge to the severity of the sentence imposed is not precluded (see People v Georges, 151 AD3d 1402, 1403 [2017]). That said, upon reviewing the record as a whole, and taking into consideration, among other things, defendant's lengthy criminal history and the advantageous resolution reached in this matter relative to his sentencing exposure, we find no extraordinary circumstances or any abuse of discretion that would warrant modification of the agreed-upon sentence imposed (see People v Georges, 151 AD3d at 1403; People v Kerwin, 117 AD3d 1097, 1098 [2014]).
McCarthy, J.P., Lynch, Devine, Clark and Aarons, JJ., concur.
ORDERED that the judgment is affirmed.